UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RAMON OSORIO, III,

                              Plaintiff,

          v.

CVS PHARMACY,

                              Defendant.
_____

<u>DECISION AND ORDER</u>

22-CV-6575L

      Plaintiff Ramon Osorio III filed the complaint in this action, *pro se*, on December 22, 2022. Plaintiff asserts various claims under federal and state law against his former employer, CVS Pharmacy ("CVS"), in connection with CVS's termination of his employment in 2022.

      CVS has filed a motion to dismiss the complaint, or in the alternative to stay the action and compel arbitration. Plaintiff has not responded to the motion.

      CVS's motion is granted. The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq.*, reflects a "strong federal policy favoring arbitration as an alternative means of dispute resolution ... ." *Washington National Insurance Company v. OBEX Group LLC*, 958 F.3d 126, 138 (2d Cir. 2020). "Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *DDK Hotels, LLC v. Williams-Sonoma, Inc.*, 6 F.4th 308, 317 (2d Cir. 2021) (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944-45 (1995)).

      In support of its motion, CVS has presented evidence showing that at the time he began his employment with CVS in November 2021, plaintiff filled out and signed an electronic form indicating that he had reviewed and consented to an arbitration agreement. The agreement

provided, in part, "You and CVS agree that any dispute between You and CVS that is covered by this Agreement ('Covered Claims') will be decided by a single arbitrator through final and binding arbitration only and will not be decided by a court or jury or any other forum ... ."  The agreement further stated that "Covered Claims" included "any and all claims, disputes or controversies that CVS may have, now or in the future, against You or that You may have, now or in the future, against CVS, or one of its employees or agents, arising out of or related to Your employment with CVS or the termination of Your employment."  Def. Ex. 2.

As stated, plaintiff has presented no evidence to the contrary, and has not responded to CVS's motion at all.  It is also clear from the complaint that the matters raised by plaintiff, which concern alleged racial and disability discrimination and other matters relating to his employment, fall squarely within the scope of the arbitration agreement.  In light of this undisputed evidence, the Court must enforce the arbitration agreement.  *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed"); *accord Leadertex, Inc. v. Morganton Dyeing & Finishing Grp.*, 67 F.3d 20, 25 (2d Cir. 1995).

CVS has moved in the alternative to dismiss the action, or to stay the action and compel arbitration.  The Court of Appeals for the Second Circuit has held that when the FAA applies to an agreement and requires arbitration, and a stay has been requested, courts generally should stay the proceedings pending arbitration, rather than dismiss the case.  *Katz v. Cellco Partnership*, 794 F.3d 341, 347 (2d Cir. 2015).  I do so here, but will direct the Clerk of Court to administratively close the case, as set forth below.

## CONCLUSION

The motion by defendant CVS Pharmacy, Inc. to dismiss or alternatively stay this action and to compel arbitration is granted.  If plaintiff wishes to proceed, the parties must proceed in arbitration.  This action is stayed pending arbitration.  The Clerk is instructed to administratively close this case, without prejudice to either party moving to reopen the case within thirty days of the conclusion of the arbitration proceedings.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
April 26, 2023.