UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RAMON OSORIO, III,

                                                                                              <u>DECISION AND ORDER</u>

                              Plaintiff,

                                                                                             22-CV-6575DGL

                        v.

CVS PHARMACY,

                              Defendant.
_____


        Plaintiff Ramon Osorio III filed the complaint in this action, *pro se*, in December 2022, asserting various claims under federal and state law against his former employer, CVS Pharmacy ("CVS"), in connection with CVS's termination of his employment in 2022.

        CVS then filed a motion to dismiss the complaint, or in the alternative to stay the action and compel arbitration. Pursuant to the Court's scheduling order (Dkt. #12), plaintiff had until April 20, 2023 to respond to the motion, but he did not do so.

        On April 26, 2023, the Court issued a Decision and Order (Dkt. #14) granting CVS's motion. The Court ordered the action stayed pending arbitration, and directed the Clerk of Court "to administratively close this case, without prejudice to either party moving to reopen the case within thirty days of the conclusion of the arbitration proceedings." *Id.* at 3.

        On May 3, 2023, plaintiff belatedly filed a response in opposition to CVS's motion. (Dkt. #16.) On October 30, 2023, plaintiff filed a motion to reopen the case (Dkt. #18) and a motion for sanctions (Dkt. #19). CVS has filed a response opposing both motions. (Dkt. #21.)

Plaintiff's motions are denied.  Both the motion to reopen and the motion for sanctions are based on *CVS's* failure to take steps to arbitrate the parties' dispute following the Court's April 26 Decision and Order staying the action pending arbitration.  Neither that decision nor the parties' arbitration agreement imposed any obligation on CVS to initiate arbitration, however.  The arbitration agreement states, "To initiate a claim, You *or* CVS must make a written demand for arbitration and deliver it (I) by hand or first class mail to the other party and (ii) by hand or first class mail or electronically to the American Arbitration Association ('AAA') within the applicable statute of limitations period."  (Dkt. #11-2 at 10 § 4(a)) (emphasis added).  Presumably, the party seeking relief–not the party from whom relief is sought–would be the party that would initiate a claim.  In this case, that is plaintiff, not CVS; in his complaint filed in this Court, plaintiff seeks equitable relief and damages from CVS.

The Court's prior decision also made this clear, stating that "[i]f *plaintiff* wishes to proceed, the parties must proceed in arbitration."  (Dkt. #14 at 3) (emphasis added).  There was no order or suggestion that CVS should pursue arbitration.  If no arbitration proceeding has been commenced, then, it is only due to plaintiff's failure to initiate such a proceeding.

The Court has also reviewed plaintiff's belated response to CVS's motion to dismiss or stay this action, and I see nothing in that response that calls into question the correctness of the Court's prior decision.  Contrary to plaintiff's assertions, the arbitration agreement is neither procedurally nor substantively unconscionable; it contains an opt-out provision, and binds both parties equally.  Plaintiff has not shown that he "lacked a meaningful choice" when he signed the agreement or that the agreement is "grossly unreasonable" in any respect.  *See McDougall v. Samsung Elec. America, Inc.*, No. 23 Civ. 168, 2023 WL 6445838, at *5-*6 (S.D.N.Y. Oct. 3,

2023); *Dixon v. Dollar Tree Stores, Inc.*, No. 22-CV-131, 2023 WL 2388504, at *6 (W.D.N.Y. Mar. 7, 2023).

Plaintiff's contention that mandatory arbitration of his discrimination claims is prohibited under New York law is also misplaced. Courts in this circuit have consistently held that the provision relied on by plaintiff, C.P.L.R. § 7515, is preempted by the Federal Arbitration Act ("FAA"). *See, e.g.*, *Faith v. Khosrowshahi*, No. 21-CV-6913, No. 21-CV-6913, 2023 WL 5278126, at *7 n.5 (E.D.N.Y. Aug. 16, 2023); *Dixon*, 2023 WL 2388504, at *7. *See also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 341 (2011) ("When state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: The conflicting rule is displaced by the FAA").

The Court repeats that if *plaintiff* wishes to pursue his claims against CVS, he must do so not in this Court but in an arbitration proceeding, and the onus is on him to initiate such a proceeding. In that regard, I note that the arbitration agreement states that an employee may "seek assistance from the AAA regarding the initiation of a claim," and provides a toll-free telephone number and email address for the AAA. (Dkt. #11-2 at 10 § 4(a).)

**CONCLUSION**

Plaintiff's motion to reopen the case (Dkt. #18) and his motion for sanctions (Dkt. #19) are denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
December 14, 2023.